Donald P. Norris   (Bar No. 007464)
Macey & Aleman, P.C.
1701 W. Charleston Blvd, Suite 320
Las Vegas, NV 89102
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email:  dpn@legalhelpers.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**LAS VEGAS DIVISION**

| | |
|---|---|
| Daniel Brinker<br>9901 w Sahara Ave, Apt 2035<br>Las Vegas, NV 89117<br><br>        Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership<br>c/o The Corporation Trust Company of<br>Nevada, Registered Agent<br>6100 Neil Road, Suite 500<br>Reno, NV 89511<br><br>        Defendant. | Case No.:<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. In or around January 2009, Defendant telephoned Plaintiff at Plaintiff's place of employment.

8. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits Defendant's telephone calls at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

9. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment at least one more time throughout January and February 2009.

10. During one of these communications, Defendant spoke with Plaintiff's coworker ("Coworker").

11. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Coworker.

12. During this communication, Defendant asked Coworker if Plaintiff had retained an attorney.

13. On or around January 26, 2008, Defendant communicated with Plaintiff's father ("Father").

14. During this communication, Father notified Defendant that Plaintiff did not live with Father and could not be reached by calling Father.

15. During this communication, Defendant misrepresented to Father that Plaintiff gave Defendant permission to contact Father.

16. Despite this notice, Defendant telephoned Father on at least one other occasion.

17. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

18. On or around January 28, 2009, Defendant communicated with Plaintiff.

19. During this communication, Defendant threatened to sue Plaintiff if the debt was not paid.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT NINE

### Invasion of Privacy by Intrusion upon Seclusion

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and or private concerns.

39. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

40. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

41. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## JURY DEMAND

43. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

44. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c.  For such other legal and/or equitable relief as the Court deems appropriate.

                    RESPECTFULLY SUBMITTED,

                    Macey & Aleman, P.C.

                    By: */s/ Donald P. Norris*
                    Donald P. Norris        (Bar No. 007464)
                    1701 W. Charleston Blvd, Suite 320
                    Las Vegas, NV 89102
                    Tel:  1.866.339.1156
                    Fax: 1.312.822.1064
                    Email:  dpn@legalhelpers.com
                    *Attorney for Plaintiff*